25516. CAIN *v.* GEORGIA POWER COMPANY *et al.*

DECIDED JUNE 11, 1936.

*T. A. Jacobs Jr.,* for plaintiff. *Wallace Miller,* for defendant.

GUERRY, J. Mrs. Rita W. Cain brought her action against F. B. Cook and Georgia Power Company as joint tort-feasors in the death of her minor daughter Mary Elizabeth Cain. In the fourth paragraph of the petition it is alleged: "The joint negligence of the defendants named caused the homicide of petitioner's child, her death occurring just as she stepped into the street from the sidewalk on Orange Street to cross Forsyth Street, and at that time and place defendant Georgia Power Company had one of its large buses parked in front of Lanier High School about three or four feet from the sidewalk and curb intersection, and at that exact time defendant F. B. Cook was operating his automobile west on Forsyth Street and struck the child just as she emerged from behind the bus of the power company." It appears from the petition that Forsyth Street runs east and west and at right angles intersects Orange Street running north and south. Lanier High School is situated on the southeast corner of the intersection. The bus of the defendant company, headed west, was stopped on Forsyth Street at a regular car stop near the northeast corner of this intersection, parallel and adjacent to the curb on the north

side of Forsyth Street, and within three or four feet of the east sidewalk on Orange Street. The deceased approached Forsyth Street on the east sidewalk of Orange Street and when she emerged from behind the defendant's bus in crossing the intersection, defendant Cook driving west on Forsyth Street struck her causing her death. It is alleged in the petition that "the act of the power company in parking its bus in front of Lanier High School and within three to four feet of the sidewalk and curb intersection created a dangerous situation and was negligent and dangerous in that pedestrians using the sidewalk on Orange Street on the east side and crossing Forsyth Street at the regular point where pedestrians crossed were hidden and obscured from view until they cleared the bus and were about in the centre of the street." The petition charged the defendant power company with being negligent in the following particulars: "(1) In parking its bus in front of Lanier High School in violation of the following ordinance of the City of Macon, to wit: 'No vehicle shall be parked during school hours in front of or adjacent to any school buildings and grounds.' (2) In parking its bus at the time, place and point aforesaid in violation of the following ordinance of the City of Macon, to wit: 'No vehicle shall be parked within ten feet of a fire hydrant nor within twenty feet of the intersection of curb lines, except at an alley,'" and charged that such parking was negligent and in wilful and utter disregard for the safety and right of pedestrians using the sidewalk on Orange Street and crossing Forsyth Street at the point indicated and marked off for pedestrians. Against the defendant Cook the petition charged negligence in the following particulars: "(1) In that he operated his automobile past the bus of the Georgia Power Company with knowledge that the said bus hid from view persons crossing the street until they had emerged from behind the bus. (2) In failing to stop his car until the bus moved so that he could have a full and clear view of the street. (3) In that he operated his car at the time, place and point aforesaid without maintaining a vigilant and constant lookout and observing the street ahead. (4) In that he did not have his car under immediate control. (5) That he operated his car in excess of fifteen miles per hour through a school zone during school hours in violation of section 33 of the ordinances of the City of Macon, to wit: 'Be it further ordained that

vehicles and street-cars shall slow down to a rate of speed not greater than fifteen miles per hour, when crossing intersecting streets, except on boulevards,' etc. 'Vehicles and street-cars shall slow down to a speed not greater than fifteen miles an hour in passing schools, while children are assembling thereat or departing therefrom, in turning corners,' . . etc. (6) In that he drove his car onto and across an intersecting street at a speed greater than fifteen miles per hour in violation of the section just quoted." The principal ground of the demurrer of the defendant power company was that "Under the allegations of the petition it can not be inferred that the alleged negligence of this defendant was the proximate cause of plaintiff's injury." This court is now called on to examine into the merits of this demurrer which was sustained by the trial judge.

The judgment sustaining the demurrer and dismissing the petition as to the power company was correct. It is elemental that in order for one to be chargeable for damages to another, his negligence must have been the proximate cause of the injury sustained. *Johnston* v. *Enterprise Mfg. Co.*, 130 *Ga.* 143 (60 S. E. 449); *Platt* v. *Southern Photo Material Co.*, 4 *Ga. App.* 159 (60 S. E. 1068); *Vinson* v. *Willingham Cotton Mills*, 2 *Ga. App.* 53 (58 S. E. 413); *Shields* v. *Ga. Ry. &c. Co.*, 1 *Ga. App.* 172 (57 S. E. 980); *Shaw* v. *Macon*, 6 *Ga. App.* 306 (64 S. E. 1102). Judge Powell, in his very able discussion of proximate cause, in *Atlantic Coast Line R. Co.* v. *Daniels*, 8 *Ga. App.* 775 (70 S. E. 203), said: "Though negligence is discovered in relation to one of the causes which have preceded the injurious effect, it does not follow that the author of the negligence is to be held legally responsible for the injury. In the first place, to judge the transaction according to the natural probabilities which men's minds take as the basis for passing judgment upon the course of human affairs, it may appear that causes other than the negligent one referred to so preponderated in bringing about the result as to lead us to say, from a human point of view, that the injury was just as likely to have ensued (with only its details somewhat varied, perhaps) if the negligent thing had not occurred. In such cases we exempt the author of the negligence from liability. Again, it may appear that the negligent act in question was not the only one of the near causes which was negligent. In case two or more near

and preponderating negligent causes are found to have become effectuated in the same injurious result, the question as to which of the two or more negligent actors is to be held responsible is determined usually in this wise: If the two negligent acts are so related that the first would not probably have resulted in injury if the other had not occurred, and the latter amounts to such a preponderating cause that it probably would have produced the injury even if the first negligence had not occurred, or if the author of the latter negligence, with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates in producing the injurious effect, we say that the first negligent cause is not the proximate cause, that the intervention of the latter negligence breaks the chain of causal connection so far as juridic purposes are concerned." See *Wilson* v. *Central of Ga. Ry. Co.*, 132 *Ga.* 215 (63 S. E. 1121); *Savannah Electric Co.* v. *Wheeler*, 128 *Ga.* 550 (58 S. E. 38, 10 L. R. A. (N. S.) 1176); *Western & Atlantic R. Co.* v. *Bryant*, 123 *Ga.* 77 (51 S. E. 20); *Bowen* v. *Smith-Hall Grocery Co.*, 141 *Ga.* 721 (82 S. E. 23, L. R. A. 1915D, 617); *Sparta Oil Mill* v. *Russell*, 6 *Ga. App.* 293 (65 S. E. 37); *Dunbar* v. *Davis*, 32 *Ga. App.* 192 (122 S. E. 895); *Rome Ry. & Light Co.* v. *Jones*, 33 *Ga. App.* 617 (127 S. E. 786); *Atlanta & West Point R. Co.* v. *Reese*, 28 *Ga. App.* 275 (110 S. E. 750). In the present case the petition shows very clearly and plainly that the alleged intervening negligence of the defendant Cook was the proximate cause of the injury which caused the death of petitioner's child. It was the preponderating cause; no injury would have occurred to the plaintiff because of the passive negligence (this is admitted for the purposes of this decision) of the defendant power company unless the negligence of Cook, which was in no way set in motion by the act of the defendant power company, had intervened. Cook had consciously before him the negligence of the defendant power company; he was charged with a degree of care commensurate with the situation before him; had he, under the circumstances, used that degree of care, (and on whether he did or did not the act of the power company had no conscious effect), it is clear that no injury would have occurred. The case of Powers *v.* Standard Oil Co., 98 N. J. L. 730 (119 Atl. 273), presented a situation similar to that of the case at bar. In that case it was said: "The efficient proximate or intervening

cause is the force or operating factor, without which the accident could not have happened and must be active, operative, and containing within itself the possibility of potentiality for harm, so that a truck, stationary at the curb, though 'illegally parked, can not be the proximate cause of the accident to a child who ran from behind it in front of another automobile, but was only an obstruction to the vision, which imposed upon the child and the driver of the other automobile an added duty to exercise care." In the same case it was further said: "Cases might be multiplied in an effort to elucidate the principle, and to emphasize the differentiation, between an immobile, inefficient condition, innocuous in itself as a motive power for harm, and an efficient operating proximate cause, without whose intervention and instrumentality as sine quo non, damage was impossible. . . In the case at bar it was unimportant whether the defendant's car rested legally or illegally upon the street, since its obstruction to the vision of the crossing pedestrian, or to the driver of a moving car upon the roadway, would, under the testimony, be equally effective. In either event its impotence for harm or damage, as an innocuous, immobile instrumentality, must be manifest, since in both situations it simply presented a patent condition, and not an operating, efficient, or proximate cause, which can be said to contain by its activity, that potentiality for harm or damage, which furnishes the test upon which the rule of liability in this character of tort-feasance is predicated." See, in this same connection, *Shaw* v. *Macon*, 6 *Ga. App.* 306 (64 S. E. 1102) ; *Means* v. *Barnesville*, 28 *Ga. App.* 671 (112 S. E. 739) ; *City of Albany* v. *Brown*, 17 *Ga. App.* 707 (88 S. E. 215) ; *Morrison* v. *Columbus Transportation Co.*, 39 *Ga. App.* 706 (148 S. E. 276) ; *Higginbotham* v. *Rome Ry. & Light Co.*, 23 *Ga. App.* 753 (99 S. E. 638).

*Judgment affirmed.* *MacIntyre, J., concurs.* *Broyles, C. J., disqualified.*