1. Where a municipal ordinance prohibiting the parking of any automobile or other vehicle upon any paved street or sidewalk "overnight" was violated by the parking of a motor-truck on a paved street at or near an intersection of streets overnight, the fact that the truck was allowed to remain during a portion of the following day in the same place where it had been so illegally parked during the nighttime would not constitute a continuing or a new violation of such ordinance, since it merely prohibited parking overnight, and had no reference to such daytime parking.
(a) Accordingly, in the instant case, in which the plaintiff sued the owner of the truck and its agent for damages alleged to have been sustained by her in a collision of automobiles at the intersection of streets at or near which the motor-truck was parked, the petition did not show negligence with respect to the plaintiff in alleged violation of such municipal ordinance, it appearing from the allegations that the collision occurred during the afternoon, and not during the nighttime when the ordinance was being violated.
(b) Nor did the petition show violation of an ordinance providing that no person or garage or sales place should be allowed to use the streets for storing cars either day or night, since on proper construction of the allegations as to this matter it appeared only that the motor-truck was parked, and mere parking would not amount to storing within the meaning of such ordinance, even though the truck may have been allowed to remain in the same place overnight and during a portion of the following day, and the same practice may have continued for several months. *Page 328 
(c) The petition did not state a cause of action, so far as it was based on alleged violation of these two ordinances.
2. The plaintiff, however, could assert as negligence the violation of an ordinance prohibiting the parking of any automobile or other vehicle on any paved street at any place or in any other manner "than is designated by painted diagrams thereon," where in violation of the same a large motor-truck was parked at or near an intersection of streets and in such position and location as to obscure the view of motorists as they approached each other at a right angle in traveling upon the intersecting streets, and as a result of such obscurement the plaintiff while traveling in an automobile on one of such streets was injured in a collision between it and another automobile at such intersection.
(a) The causal connection between an original act of negligence and injury to another is not broken by the "intervening" act of a third person, if the nature of such intervening act was such that it could reasonably have been anticipated or foreseen by the original wrong-doer.
(b) In this case, the allegations were sufficient to show that the act of the driver of the automobile which collided with the one in which the plaintiff was riding should have been anticipated or foreseen by the defendants as a result of their own negligence in parking the motor truck in violation of the ordinance, and this is true notwithstanding the driver of such automobile may have violated the law as to rate of speed at an intersection of streets.
(c) The petition stated a cause of action based on alleged negligence of the defendants in the violation of such ordinance.
3. The petition also stated a cause of action based on alleged negligence as a matter of fact, under the circumstances. The trial judge properly overruled the general demurrers to the petition, and the Court of Appeals erred in reversing that judgment.
 No. 14543. JULY 8, 1943.
The facts as shown by the record and as stated by the Court of Appeals are substantially as follows:
Mrs. Virginia A. Williams sued Thomas Grier and Columbia Baking Company, for damages resulting from alleged negligence of defendants. The first four paragraphs of the petition allege, that Thomas Grier resides in Emanuel County, and that Columbia Baking Company is a foreign corporation with its principal office in Fulton County, Georgia; that Green and Church Streets are paved streets in the City of Swainsboro, Georgia; that defendants have damaged plaintiff in the sum of $15,000; that on the afternoon of May 25, 1941, plaintiff was riding on the rear seat of a Dodge automobile then being driven by her son in an easterly direction on Church Street in Swainsboro; that the automobile *Page 329 
was not owned by the plaintiff, nor was it in her custody, control, or possession at the time of the injury. The petition further alleged:
"5. That plaintiff's said son completely stopped said automobile being so driven by him at said time and place at the intersection of Church and Green Streets in said City of Swainsboro, Georgia, in obedience to a stop sign located on said Church Street at or near the westerly side of said Green Street. That after her said son had so stopped said automobile and had looked for oncoming vehicles and traffic in each direction at said street intersection; and his pathway across said Green Street appearing to be clear, with no traffic approaching to his right or left, he drove and moved said Dodge automobile in which plaintiff was riding as aforesaid forward into said street intersection, and as it was crossing said Green Street another automobile driven by a negro in a northerly direction on said Green Street at a very high rate of speed collided with and struck with terrific force said Dodge automobile driven by plaintiff's son as aforesaid, greatly damaging and practically demolishing said Dodge automobile, and as a result thereof plaintiff was painfully, seriously, and permanently injured in and about her head, body, and limbs, and she sustained therefrom many severe wounds, bruises, and injuries, and has suffered and will continue to suffer permanently great plain and anguish, and immediately after plaintiff so receiving and sustaining said injuries therefrom she was carried to a hospital and was compelled to be confined in said hospital for several weeks for treatment of her said injuries and wounds. That said collision also resulted in injuries of a serious nature to your plaintiff's son, her son's wife, and to plaintiff's husband, all of whom were also riding in said Dodge automobile at said time and place, and said injuries to plaintiff's husband resulting in his death within a few days after said collision.
"6. That said defendant at the time of said collision carelessly and negligently had a large bakery motor-truck parked and stored at the westerly curb on said Green Street, at or near the intersection of said Green and Church Streets, in said City of Swainsboro, Georgia, with the front end pointed north, and in such a position, location, and manner so that said bakery truck did then and there obscure the view of plaintiff and her said son looking in a *Page 330 
southerly direction and to his right along said Green Street at the time he stopped said Dodge automobile in obedience to said stop-sign at said intersection. That said Green Street was not a one-way street. That at the time of said collision said bakery motor-truck so negligently and carelessly stored and parked as aforesaid was owned by the defendant, Columbia Baking Company, a corporation, and was in the control, custody, and possession of its servant T. F. Grier, with the consent, knowledge, and acquiescence of the defendant, Columbia Baking Company, a corporation, and said bakery motor-truck was parked and stored as aforesaid by said defendant, Thomas Grier, also known as T. F. Grier, in the course of his duties in and about his employment by said defendant, Columbia Baking Company, a corporation.
"7. That said bakery motor-truck was parked and stored aforesaid prior to and at the time of said collision in violation of the city ordinances of the said City of Swainsboro, Georgia. That said bakery motor-truck was parked and stored as aforesaid on the night immediately prior to the date of said collision, and was carelessly and negligently allowed to remain by said defendants so parked and stored from that time until and after said collision, in violation of said city ordinance of said City of Swainsboro, Georgia.
"8. That said defendants had habitually, for several months prior to said collision, been parking and storing said bakery motor-truck in said place on Green Street carelessly and negligently, in violation of said city ordinances of the City of Swainsboro, Georgia, as aforesaid.
"9. That said habitual careless and negligent parking and storing of said bakery motor-truck on said Green Street at said street intersection as aforesaid obstructed the view of the travelling public on Green and Church Streets in said City of Swainsboro, Georgia, which said streets were at time of said collision heavily used by the travelling public day and night at time of said collision, motor-vehicles travelled frequently at high rates of speed at said place on said Green Street, and such parking and storing of said bakery truck at said place created a traffic hazard and a death trap, which was well known to said defendants, or by the exercise of due prudence and care should have been well known to said defendants. *Page 331 
"10. That said bakery motor-truck so parked and stored on said street as aforesaid was not placed in any painted diagrams as required by the city ordinance of the City of Swainsboro, Georgia, and particularly as required by one of such ordinances appearing as § 239 of the City Code of Swainsboro, Georgia, which will be more fully alleged hereinafter.
"11. That the careless and negligent parking and storing of said bakery motor-truck by said defendants as aforesaid was the proximate cause of said collision and of said injuries to plaintiff. That such parked and stored bakery motor-truck obstructed the view of plaintiff and the driver of said Dodge automobile in which plaintiff was riding at said time and place, and also obstructed the [view] of said negro driver of the automobile which collided with said Dodge automobile in which plaintiff was riding as aforesaid; and if said parked and stored bakery truck had been parked and stored elsewhere than at the place aforesaid, and not in violation of said city ordinance, the drivers of said automobiles so colliding as aforesaid would have had a sufficiently clear view of approaching traffic at said street intersection to have avoided said collision, said collision would not have occurred, and plaintiff would not have sustained her said injuries."
Paragraph 12 quoted the ordinances of the City of Swainsboro alleged to have been violated, as follows:
"Section 239. No vehicle of any sort, including automobiles, and all other motor-vehicles, shall be parked on any portion of a paved street, within the limits of the City of Swainsboro at any place, or in any other manner, than is designated by painted diagrams thereon.
"Section 245. No person shall park an automobile, or other motor-vehicle, or any sort of vehicle, upon the paved street of the City of Swainsboro, or sidewalks thereof, overnight.
"Section 246. No person or garage, or sales place, shall be allowed to use the streets of the City of Swainsboro for storing cars, either day or night."
Paragraphs 13, 14, and 18 alleged certain items of special damage.
Paragraphs 15, 16 and 17 alleged that the negligence of the defendants was the direct and proximate cause of the injuries sustained by the plaintiff, and that she was free from any negligence. *Page 332 
The acts of negligence specified were as follows: "(a) Parking and storing said bakery motor-truck as aforesaid in a manner that legally renders them liable to plaintiff. (b) Parking and storing said bakery motor-truck as aforesaid on the left-hand (westerly) side of said Green Street, in violation of the rules of the road. (c) Parking and storing said bakery motor-truck as aforesaid in such manner as to constitute negligence per se, in that such parking and storing of said bakery motor-truck violated the city ordinances of said City of Swainsboro, codified under §§ 239, 245, and 246 of the City Code of the City of Swainsboro, Georgia, which said sections are fully set out in this petition. (d) Parking and storing said bakery truck as aforesaid so the same would and did obscure the view as aforesaid and create a serious traffic hazard and death trap."
The defendants filed separate demurrers, each containing general and special grounds. The Court of Appeals held that the petition did not state a cause of action, and reversed the judgment of the trial court overruling the demurrers. The rulings of the Court of Appeals were expressed in a headnote and an opinion, as follows:
Headnote: "To be good, a petition seeking recovery of damages for injuries on account of the negligence of another must allege facts which constitute a continuous succession of events, so linked together as to make a natural whole. If from the petition there appears some new and independent cause intervening between the alleged wrong and the injury, the petition is bad and will be stricken on general demurrer. For in such event the intervening agency is the direct and proximate cause of the injury, and the first event, though wrong, is too remote."
Opinion: "The facts of the instant case are almost identical with and are controlled by the principles of law announced inCain v. Georgia Power Co., 53 Ga. App. 483 (186 S.E. 229), and Pullen v. Georgia Stages Inc., 62 Ga. App. 592
(9 S.E.2d 104). See cases cited therein. The facts stated and rulings announced in Sprayberry v. Snow, 190 Ga. 723 (10 S.E.2d 179), and Bozeman v. Blue's Truck Line Inc., 62 Ga. App. 7
(7 S.E.2d 412), are not controlling in the instant case, as may be discerned by a careful reading and comparison. We call attention to the cases cited by this court in Seymour v.Elberton, 67 Ga. App. 426 (20 S.E.2d 767). See alsoBarnwell v. Solomon, 59 Ga. App. 507 *Page 333 
(1 S.E.2d 263). The petition failed to set out a cause of action. The court erred in overruling the demurrers."
The questions raised by the petition for certiorari sufficiently appear in the decision following.
1. Mrs. Williams instituted an action against Thomas Grier and Columbia Baking Company, to recover damages for personal injuries alleged to have been caused by negligence of the defendants. Each defendant filed a general and special demurrer to the petition, which demurrers were overruled by the trial court. The Court of Appeals held that the petition did not state a cause of action, and thus reversed the judgment of the trial court overruling the demurrers. The plaintiff's application for certiorari was granted. The Court of Appeals made no ruling in regard to the special demurrers, and the only questions raised in this court are as to the sufficiency of the petition to withstand the general demurrers.
According to the allegations of the petition, the plaintiff was riding in a Dodge automobile driven by her son when she was injured in a collision between this and another automobile in the City of Swainsboro. The collision occurred at the intersection of Church Street and Green Street. The Dodge automobile in which the plaintiff was riding was travelling east on Church Street, and her son, the driver, on approaching Green Street, which ran north and south, stopped his automobile and looked "for oncoming vehicles and traffic in each direction at said intersection; and his pathway across said Green Street appearing to be clear, with no traffic approaching to his right or left, he drove and moved said Dodge automobile in which plaintiff was riding as aforesaid forward into said street intersection, and as it was approaching said Green Street another automobile driven by a negro in a northerly direction on said Green Street at a very high rate of speed collided with and struck with terrific force said Dodge automobile driven by plaintiff's son as aforesaid, greatly damaging and practically demolishing said Dodge automobile, and as a result thereof, plaintiff was painfully, seriously and permanently injured." The suit was not against the driver or owner of the other automobile that was involved in the collision, but it was brought against Thomas Grier *Page 334 
and Columbia Baking Company because of the manner in which a truck owned by the Baking Company and in charge of its agent Grier was parked on Green Street near such intersection. It was contended that the truck was parked in such manner as to obscure the view of the drivers of the other vehicles, and that the defendants in thus storing and parking it were guilty of negligence with respect to the plaintiff as a traveler at such intersection. As to this matter it was alleged that the defendants at the time of the collision negligently and carelessly had a large bakery motor-truck parked at the westerly curb of Green Street "at or near the intersection" of Green and Church Streets, with the front end pointed north, and in such position and location that the truck obscured the view of the plaintiff and her son looking in a southerly direction and to the right at the time her son stopped his automobile in obedience to a "stop" sign at such intersection; that Green Street was not a one-way street, and that such parked and stored motor-truck obscured the view of the plaintiff and her son who was driving the Dodge automobile, and also obstructed the view of the driver of the automobile with which said Dodge automobile collided at such intersection; and that if the truck had not been stored and parked as it was, the drivers of the automobiles would have had sufficiently clear view of approaching traffic, and the collision would not have occurred.
It was further alleged that the motor-truck was parked in violation of three separate ordinances of the City of Swainsboro. The petition was evidently designed also to charge negligence as a matter of fact under the circumstances, in addition to negligence as a matter of law in the violation of such ordinances. See paragraphs 6, 9, 11, 16(a), and 16(b) of the petition, as shown in the statement. But in this division we shall consider only the allegations as to violating ordinances, and will consider only two of the ordinances in this connection, namely, sections 245 and 246 of the city code, as quoted in the petition. The first of these two ordinances prohibited the parking of any automobile or other vehicle upon any paved street or sidewalk "overnight." Manifestly the petition did not show any negligence with respect to the plaintiff in the violation of this ordinance, since the collision occurred in the afternoon, and not at a time when the ordinance was being violated. The fact that the truck was allowed to remain during a portion *Page 335 
of the following day in the same place where it had been so illegally parked during the nighttime would not constitute a continuing or a new violation of such ordinance, since it merely prohibited parking overnight, and had no reference to such daytime parking.
The second of these ordinances provided that no person or garage or sales place should be allowed to use the streets of the city for storing cars, either day or night. While the petition alleged in several places that the truck was "parked and stored," these terms are not interchangeable, but as ordinarily used have different and inconsistent meanings. The term "parking" as applied to automobiles is generally understood to mean the act of permitting such vehicles to remain standing on a public highway or street when not in use, but it also implies transcience, while the term "storing" connotes a certain degree of permanency. 31 Words Phrases, pp. 96-97; 1943 Cumulative Part, 23; 40 Words 
Phrases, 226-227. Mere parking would not amount to storing; and this is true even though the vehicle may have been allowed to remain in the same place overnight and during a portion of the following day. Since the two words were used indiscriminately by the plaintiff and since the petition is to be construed most strongly against her, it must be taken as showing nothing more than parking, under the specific allegations. Nor would a different conclusion be authorized because of the allegation that the "said defendants had habitually, for several months prior to said collision, been parking and storing said bakery motor-truck in said place on Green Street carelessly and negligently in violation of said city ordinance of the City of Swainsboro, Georgia, as aforesaid." This averment, when construed by the same rule, does not show that the truck was left to remain continuously in the same place for "several months," but its evident meaning is that the defendants had repeatedly and from time to time, by separate acts, parked the truck in said place. Even this did not show storage. It follows that the petition did not state a cause of action so far as it was based on violation of these two ordinances.
2. We entertain a different view as to violation of the ordinance described as section 239 of the city code, and which prohibited the parking of any automobile or other vehicle on any paved street of the city at any place or in any other manner "than is *Page 336 
designated by painted diagrams thereon." The petition as properly construed on general demurrer shows that there were painted diagrams on paved streets, and that the bakery truck was not parked in one of such diagrams. It thus appears that there was a space on the west side of Green Street at or near the intersection of Church Street, where parking was prohibited, and that the truck was parked in this space in violation of such ordinance. The petition is further construed as showing that the ordinance, in so far as it prohibited the parking of motor vehicles in such space, was intended for the protection of travelers upon either street, and that such protection would include maintaining unobstructed view for motorists approaching the intersection, as the drivers of the two colliding automobiles were approaching it in this instance. Thus, according to the allegations, the plaintiff was within the protection of this ordinance, and its violation constituted negligence with respect to her. See Sprayberry v. Snow, 190 Ga. 723 (10 S.E.2d 179);Bozeman v. Blue's Truck Line Inc., 62 Ga. App. 7
(7 S.E.2d 412); Milbury v. Turner Centre System, 274 Mass. 358
(174 N.E. 471, 73 A.L.R. 1070); Blessing v. Welding,226 Iowa, 1178 (286 N.W. 436); Taber v. Bauer, 173 Wn. 96
(21 P.2d 1028); Hansen v. Houston Electric Co. (Tex.),41 S.W.2d 77; Winskey v. De Mandel, 204 Cal. 107 (266 P. 534).
But it is contended by the defendants, that, even if the petition should be construed as showing negligence on their part with respect to the plaintiff, it appears from the allegations that the negligence of the "negro driver of the automobile which collided with said Dodge automobile in which the plaintiff was riding," and not the negligence of these defendants, was the sole proximate cause of the plaintiff's injuries. We can not assent to this view as a conclusion to be drawn from the pleadings as a matter of law, but think it a permissible conclusion that the negligence of the defendants was a contributing cause. The question is whether there was such a new and intervening cause as broke the connection between the negligence of the defendants and the final injury to the plaintiff. What is perhaps the leading case in Georgia on this subject is Southern Railway Co. v.Webb, 116 Ga. 152 (42 S.E. 395, 59 L.R.A. 109). It was held: "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause *Page 337 
of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." The petition here alleged sufficient facts to show that the negligent parking of the bakery truck obscured the view of the drivers of both the other vehicles, and that what is claimed by the defendants to be an intervening agency could and should have been reasonably anticipated or foreseen by them. While it is true that if the act of the original wrong-doer should "set in motion" other causal forces such as would naturally produce the injury, he may be held liable although his own negligence was not the immediate cause of the injury, this is only one theory of liability, because, even where there is no such setting in motion, the original wrong-doer may still be held liable, if the intervening agency could reasonably have been anticipated or foreseen by him. "The most generally accepted theory of causation is that of natural and probable consequences; and in order to hold the defendant liable, the evidence must show either that the act of the defendant complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrong-doer." Kleinberg v. Lyons, 39 Ga. App. 774 (5) (148 S.E. 535). See Mayor c. of Macon v. Dykes, 103 Ga. 847
(31 S.E. 443); Gillespie v. Andrews, 27 Ga. App. 509
(108 S.E. 906); Powell v. Waters, 55 Ga. App. 307 (190 S.E. 615);Wright v. Southern Railway Co., 62 Ga. App. 316
(7 S.E.2d 793). Nor is it necessary in such case that all of the alleged tort-feasors should be sued; for it is the rule that where several concurrent causes operate to produce an injury, there may be a recovery against all or any one of the responsible parties. Scearce v. Gainesville, 33 Ga. App. 411 (3) (126 S.E. 883).
In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence *Page 338 
he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result. 21 Am. Eng. Enc. Law (2d ed.), 487 (b);Henderson v. Nolting First Mortgage Corporation, 184 Ga. 724,737 (193 S.E. 347, 114 A.L.R. 1022); Georgia Power Co.
v. Kinard, 47 Ga. App. 483 (3), 486 (170 S.E. 688).
The defendants further insist, however, that the petition shows upon its face that the negro driver, in approaching the intersection "at a very high rate of speed," was himself guilty of a criminal act, and that such violation of the law on his part was something that was not reasonably to be anticipated. See Code, §§ 68-301, 68-303 (i), 68-9908. But the defendants themselves were violating a municipal ordinance; and this being true, it was incumbent upon them to anticipate that others, like themselves, might disobey the traffic laws and regulations.Central Railroad Banking Co. v. Smith, 78 Ga. 694 (4) (3 S.E. 397); Davis v. Whitcomb, 30 Ga. App. 497 (8) (118 S.E. 488).
Counsel rely on Andrews v. Kinsel, 114 Ga. 390 (2) (40 S.E. 300, 88 Am. St. R. 25), in which it was held in effect that where there has intervened between the defendant's negligence and the injury an independent illegal act of a third person producing the injury, and without which it would not have occurred, such independent criminal act should be treated as the proximate cause, insulating and excluding the negligence of the defendant. But even this rule would not apply if the defendant "had reasonable grounds for apprehending that [such criminal act] would be committeed." Henderson v. Dade Coal Co., 100 Ga. 568
(28 S.E. 251, 40 L.R.A. 95); Hulsey v. Hightower,44 Ga. App. 455 (4) (161 S.E. 664). See also Bozeman v. Blue'sTruck Line Inc., 62 Ga. App. 7, 11 (supra); 30 Am. Jur. 729, § 71; Restatement of the Law of Torts, 1196-1202, §§ 447, 448, 449.
We have already stated that the allegations in the instant case were sufficient to show that the defendants should have anticipated or foreseen that some such injury might occur as a result of their own negligence in illegally parking the bakery truck; and this conclusion will stand even though it may appear that the negro driver was violating a criminal statute as to speed at a street intersection on the occasion in question. The more especially is this true in view of the averments in paragraph 9 as to heavy traffic *Page 339 
and frequent high rates of speed at this intersection, which, it was alleged, were well known to the defendants, or should have been known to them. Fulton Ice Coal Co. v. Pece, 29 Ga. App. 507
(2a) (116 S.E. 57).
It follows from what has been said that the petition stated a cause of action based on alleged negligence in violating the ordinance referred to as section 239 of the city code.
3. Moreover, ordinances and statutes imposing specific duties in reference to use of streets and highways are cumulative, and do not destroy the common-law rules as to diligence and negligence. Giles v. Voiles, 144 Ga. 853 (88 S.E. 207);Davies v. West Lumber Co., 32 Ga. App. 460 (123 S.E. 757). Accordingly, the plaintiff may rely upon an act or omission as constituting negligence as a matter of fact under the circumstances, or upon the violation of a statute or ordinance as amounting to negligence per se or as a matter of law. Also the facts may be so pleaded as to show negligence of both classes in the same action. Donaldson v. Great Atlantic Pacific TeaCo., 186 Ga. 870 (199 S.E. 213, 128 A.L.R. 456); Pollard
v. Savage, 55 Ga. App. 470 (190 S.E. 423); Thompson v.Powell, 60 Ga. App. 796 (5 S.E.2d 260). It is our opinion that the petition stated a cause of action based on common-law duty as well as on duty prescribed by municipal ordinance.Hudgins v. Coca-Cola Bottling Co., 122 Ga. 695
(50 S.E. 974); Dunbar v. Hines, 152 Ga. 865 (2), 868 (111 S.E. 396); Armour Co. v. Miller, 169 Ga. 201 (149 S.E. 698).
While we have thus dealt with the case on principle, we have done so within the purview of the assignments of error in the petition for certiorari, two of which complained that the ruling of the Court of Appeals as expressed in the headnote was an inaccurate and incomplete statement of the law, and did not include "the questions of apprehension, anticipation, and foreseeability on the part of the first event, or first wrong-doer." These assignments of error are sustained; and since these particular exceptions are controlling, it is unnecessary to deal specifically with the others, relating to kindred questions. We may say further that the decision of the Court of Appeals appears to have been predicated mainly on the rulings in Cain
v. Georgia Power Co., 53 Ga. App. 483 (186 S.E. 229), andPullen v. Georgia Stages Inc., 62 Ga. App. 592
(9 S.E.2d 104), but that we are unable to approve either of these precedents as related to proximate cause. *Page 340 
It would too greatly prolong this opinion to discuss all the authorities that have been cited by counsel. Those that we have mentioned cover the controlling principles; and we can not agree that the petition was subject to general demurrer as failing to state a cause of action.
Judgment reversed. All the Justices concur.