41419. HOLLINGSWORTH v. HARRIS.

ARGUED JULY 8, 1965—DECIDED SEPTEMBER 20, 1965.

C. *Cloud Morgan,* for plaintiff in error.

*W. O. Cooper, Sr., Jones & McKenney, Neal D. McKenney,* contra.

Deen, Judge. It is not alleged that the defendant violated any ordinance of the City of Macon in stopping the dump truck in front of a residence so as to block the north-bound traveled portion of the roadway. No violation of *Code Ann.* § 68-1670 (a) (15) prohibiting the stopping of a motor vehicle

within 12 feet of the center line of a highway is stated since it is not alleged that the street in question is a State-aid road, and is alleged that it is within the corporate limits of a city (see *Payne v. A. B. C. Truck Lines, Inc.*, 189 Ga. 112, 5 SE2d 241), nor is there a violation of *Code Ann.* § 68-1668, since the location is within a residential district. However, it cannot be said as a matter of law that stopping a motor vehicle on a street in such manner as to block the vision of others having a right to its use is non-negligent as a matter of law. *Anderson-McGriff Co. v. Meisel*, 85 Ga. App. 58 (68 SE2d 377). That it may be negligent in fact so as to be a part of the proximate cause of a collision between two other motor vehicles because it blocks the vision of each as to the other, see *Williams v. Grier*, 196 Ga. 327 (26 SE2d 698) ; *Landers v. French's Ice Cream Co.*, 98 Ga. App. 317 (106 SE2d 325, 74 ALR2d 1050). In *Williams* the illegally parked vehicle obscured the vision of two other vehicles approaching an intersection at right angles to each other. In *Landers,* the ice cream truck was illegally parked in a street several feet away from either curb line and two racing automobiles attempted to pass on either side of it, one of them striking a small child who was stepping down from the curb and approaching the ice cream wagon to make a purchase. The cases thus present widely differing fact situations, and in the one here under consideration, while it cannot be said that this defendant was without negligence, it is nevertheless obvious that it was not an efficient producing cause of the disaster. The plaintiff, traveling at a speed of 30 miles per hour, saw the stopped truck while he was 750 feet away from it. He made his left turn into the oncoming traffic lane while he was still 150 feet away from it. Granted that an automobile approaching at a speed of 75 miles per hour, at a distance of between 150 and 200 feet away when the plaintiff began his turn, could not have stopped before reaching and colliding with him, and that if the truck had not blocked the plaintiff's vision he might have seen the approaching vehicle and not commenced the turn, there remain two other considerations. By the time the plaintiff reached the center of the roadway his vision as to approaching vehicles was necessarily no longer impeded since he could then have looked to his right and

seen all of the south-bound lane up to the turn in the street some 250 feet ahead. He was thus in exactly the same situation, relative to the truck, as though the truck had not stopped but was in fact moving slowly ahead on its own side of the road in a completely non-negligent fashion. Construed against the pleader, in the absence of any allegation that the truck was *parked* in the roadway, or any allegation that it had been there for any appreciable length of time, it must be inferred that the stop was only momentary. The same situation would therefore have obtained whether the truck were moving or not. In either event the plaintiff's vision would have been blocked until he moved to a position in the center of the street, and from then on it would not have been blocked. It therefore follows that whether or not this defendant was negligent, such negligence was not a producing and effective cause of injury to the plaintiff. " 'If an injury would have occurred notwithstanding alleged acts of negligence of the defendant, there could be no recovery,' in an action for negligence. *Western & Atlantic R. v. Frazier,* 66 Ga. App. 275 (18 SE2d 45)." *Savannah East Side Corp. v. Robinson,* 102 Ga. App. 426, 429 (116 SE2d 613). See also *Witcher v. Studdard,* 97 Ga. App. 513, 515 (103 SE2d 646) and citations. The negligence alleged against Hollingsworth is too remote to be the basis of a recovery.

The trial court erred in overruling Hollingsworth's general demurrer.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*