71462, 71594. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. DOLCE et al.; and vice versa.

(342 SE2d 497)

McMURRAY, Presiding Judge.

Plaintiff Albert Dolce and his wife Catherine Dolce were driving through the Atlanta area on their vacation when they stopped to refuel and dine. Afterwards, they browsed around a convenience store. As they were leaving the convenience store plaintiff Albert Dolce noticed public telephones next to the store and decided to make a call. Plaintiff Albert Dolce stood facing the telephone, his back to the parking area, while he dialed the telephone. His wife, plaintiff Catherine Dolce, stood next to him facing the parking lot. An automobile approached them as though it was going to park near them but was "coming awful fast" (an estimated 15 to 20 miles per hour). The automobile had suffered a brake failure, did not stop and did drive into plaintiff Albert Dolce causing substantial injuries to his person.

Plaintiff Albert Dolce filed this action for damages, the complaint later being amended to add plaintiff Catherine Dolce as a party plaintiff on a claim for loss of consortium. The original defendants were Brown, owner and operator of the automobile which struck plaintiff Albert Dolce; Otasco, Inc., which had made repairs on the brakes of Brown's vehicle shortly before the incident and Southern Bell Telephone and Telegraph Company (Southern Bell), owner and operator of the telephone which plaintiff Albert Dolce was using at the time of the incident. Also, Peerless Insurance Company was served as uninsured motorist carrier of plaintiff Albert Dolce (apparently on the theory that Brown was an uninsured motorist).

Following the execution of a covenant not to sue, plaintiffs dismissed with prejudice their actions against Brown, Otasco, Inc. and Peerless Insurance Company. The plaintiffs' action against Southern Bell was not dismissed and this action was tried before a jury.

The plaintiffs alleged that Southern Bell "carelessly and negligently located, maintained, and constructed its telephone booth . . . in that the booth and telephone were located at or near the driveway and parking area . . . without the benefit of any protection from a motor vehicle, or vehicles, being driven on the driveway and parking area in a direction toward or near the telephone booth."

At trial the location of the telephone at issue was described by oral testimony and illustrated by photographic exhibits. The telephone was located at the periphery of the parking area, near the end

of the building which contained the convenience store. The convenience store also sold gasoline from pumps in an island in front of the convenience store and an air pump was located between the building and the telephones. There was no physical barrier between the telephones and the parking lot.

Evidence was also presented that on the day preceding this incident Brown had taken his automobile to an Otasco store to have some brake work performed. The Otasco mechanic found that the brake system on Brown's car was a "total wreck" and advised a "complete brake job." However, Brown stated that he intended to sell the car and authorized only partial repairs. Brown would not authorize any repair to the rear brakes even though he had been told that they were leaking brake fluid. Upon completing the repairs which were authorized the Otasco mechanic refused to test drive the car due to the condition of its brakes. The following day these brakes failed and plaintiff Albert Dolce was struck by the automobile. After the incident Brown's automobile was examined by a mechanic who attributed the failure of the front brakes to the installation of a brake rotor of the wrong size on the left front brake (this part was installed by Otasco). The failure of the rear brakes was associated with the leak of brake fluid (in regard to which Brown would not authorize repairs). The jury returned a verdict in favor of plaintiffs. Defendant Southern Bell appeals and plaintiffs cross-appeal. *Held*:

1. " 'To state a cause of action for negligence, there must be a legally attributable causal connection between the defendant's conduct and the alleged injury.' *Rosinek v. Cox Enterprises*, 166 Ga. App. 699, 700 (305 SE2d 393) (1983); see also *Bradley Center v. Wessner*, 250 Ga. 199 (296 SE2d 693) (1982). The inquiry is not whether the defendant's conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery. *McAuley v. Wills*, 251 Ga. 3 (303 SE2d 258) (1983). In Georgia, questions of negligence and proximate cause are ordinarily reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. *Williams v. Kennedy*, 240 Ga. 163 (240 SE2d 51) (1977); *Warner v. Arnold*, 133 Ga. App. 174 (210 SE2d 350) (1974)." *Hercules v. Lewis*, 168 Ga. App. 688 (309 SE2d 865).

" 'It is stated in *Logan v. Cincinnati &c. R. Co.* (Ky. App.), 129 S.W. 575, 577, as follows: " 'A prior and remote cause can not be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate

cause.' Thompson on Negligence, § 2." ' *Whitaker v. Jones, McDougald, Smith, Pew Company*, 69 Ga. App. 711, 715 (26 SE2d 545)." *Wanless v. Winner's Corp.*, 177 Ga. App. 783.

"This defendant did nothing which proximately *caused* the plaintiff to be injured, and can only be held negligent if the facts are such that it should have foreseen and guarded [plaintiff] against the negligence of another. The particular act of negligence it is called upon by the plaintiff to guard against has, in [*Feldman v. Whipkey's Drug Shop*, 121 Ga. App. 580 (174 SE2d 474)] been held so remote and improbable as not reasonably to be anticipated by a merchant in the exercise of ordinary care." *Eckerd-Walton, Inc. v. Adams*, 126 Ga. App. 210, 213 (190 SE2d 490). Therefore, the trial court erred in denying defendant Southern Bell's motion for judgment notwithstanding the verdict.

2. Our decision on the proximate cause issue renders moot the remaining issues on the direct appeal and the issues raised on cross-appeal, which cross-appeal issues involved the trial court's refusal to admit the testimony of plaintiffs' expert witness regarding the issue of whether the telephone site was unsafe.

*Judgment reversed in Case No. 71462; affirmed in Case No. 71594. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 24, 1986 —
REHEARING DENIED MARCH 10, 1986 —

*Robert E. Shields, Marc T. Treadwell*, for appellant.
*Steve A. Didio, Rex T. Reeves, Michael J. Gorby, Robert C. Semler*, for appellees.