### 77481. BAUGHCUM v. CECIL KEY PAVING, INC. et al.
(378 SE2d 151)

BEASLEY, Judge.

Baughcum appeals the grant of summary judgment to defendants Cecil Key Paving, Inc., and Key Curbing, Inc.

Baughcum was injured on August 1, 1985 when her car struck the rear of a pickup truck driven by Ms. Frick. Defendant companies, which were separate corporations owned by Cecil Key, were under contract to the owner of a realty office to provide curbing and paving for a new parking lot located on Highway 78, a busy thoroughfare.

Plaintiff contended that her injuries were proximately caused by the defendants' failure to "properly mark the work site to warn oncoming traffic of the danger represented by the work site."

Construing the evidence in plaintiff's favor, it showed that Key Curbing was involved in the process of pouring concrete into the forms which had been placed to make the curb cut for the realty office lot. The concrete poured into the forms was provided by a third company not involved in the suit. The site of this activity was located nearly 800 feet from the centerline of Davis Road, an intersecting street.

Ms. Frick stated that, as she was driving in the left lane of traffic, she topped the hill in front of Progressive Lighting, located beyond Davis Road and 982 feet from the realty office driveway. She saw a large yellow truck parked near the curb cut to a vacant lot. This lot was 273 feet from the centerline of the realty office curb cut. Behind the truck were about five orange cones and three or four men, one or two of whom were kneeling in the street behind the truck. Ms. Frick said the truck "favored a county truck." The western property line of the realty office property was 94 feet west of the centerline of the curb cut.

The traffic in front of Frick's vehicle was swerving as it attempted to avoid this truck, and she stopped, barely missing a pickup truck which swerved from the right lane into her lane. She saw plaintiff's vehicle behind hers. Plaintiff continued to come because she could not see beyond the Frick vehicle. Plaintiff stated that as she came over the hill, Frick's vehicle in front of her just stopped. Initially, when she noticed traffic slowing, she just touched her brakes and then began to give it "all she had" when she realized the traffic was stopping. She said she would have missed Frick's vehicle had it not been for a trailer hitch on the back.

The Frick vehicle came to rest with its nose in the intersection of

Davis Road and Highway 78. In a drawing which she prepared of the accident scene, Ms. Frick further described the truck parked in the right lane as a "heavy duty work truck" and placed it some distance from the realty office driveway, back toward Progressive Lighting. She also depicted it with a covered back. There was no indication from her that it was pouring concrete or was otherwise involved in curb work or paving work.

In support of their summary judgment motions, defendants supplied unrefuted evidence that on July 22 an order for this job was placed with Southern Lights for placement on Highway 78 of 10 flashing light barriers, one "merge left" sign, and one "right lane closed" sign. They were placed there by Southern Lights the next day. The "right lane closed" sign was placed at the top of the hill near the work site. The "merge left" sign was placed 500 feet from the work site toward the hill, and the flashing barriers were placed along the side of the road, at the job site, twenty-five feet apart. The owner of the realty office property affirmed that the flashing barricades were on the project during the construction and were not removed until it was finished. The job superintendent for Key Curbing stated that he was at the job the day the curb was poured and the flashing barricades and warning signs were present. Defendants did not use orange cones as warning devices. Eight of the barriers and the "right lane closed" sign were picked up by Southern Lights on August 20. Two flashing barriers and the "merge left" sign were missing.

Ms. Frick's only testimony concerning the flashing barriers was that she did not see any at the point where the yellow truck was located. Plaintiff's only statement was that she did not see the cones before the accident.

In opposition to the summary judgment motion, plaintiff also submitted the affidavit of a safety consultant who had reviewed the accident report and Ms. Frick's diagram. Based on that review, it was his opinion that generally accepted standards for safety on highway construction, as provided by the federal Department of Transportation "Work Zone Traffic Control Standards and Guidelines" required that the first warning sign be placed a mile ahead of the project with the second or "merge left" sign a half mile ahead.

1. "In order '(t)o prevail on a motion for summary judgment (OCGA § 9-11-56), a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. [Cits.]' *Holiday Inns v. Newton,* 157 Ga. App. 436 (278 SE2d 85) (1981); [Cit.]" *Willis v. Allen,* 188 Ga. App. 390, 391 (373 SE2d 79) (1988).

The evidence submitted by all parties shows that the yellow truck precipitated the swerving which caused Ms. Frick to come to a

complete stop. By plaintiff's own evidence, the truck was located at the vacant lot curb cut, which was 179 feet from the property line of the realty office property.

"The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. [Cit.]" *Kelly v. American Fed. Savings &c. Assn.*, 178 Ga. App. 542, 543 (1) (343 SE2d 755) (1986); *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357) (1977); *Coleman v. McDonald's Corp.*, 185 Ga. App. 628, 629 (365 SE2d 282) (1988).

2. Assuming that the highway standards tendered by plaintiff establish the standard of care required and that the standard was not met by placing the barriers sufficiently far from the work site, this still does not create a triable issue. ' " 'To state a cause of action for negligence, there must be a legally attributable causal connection between the defendant[s'] conduct and the alleged injury.' [Cits.] The inquiry is not whether the defendant[s'] conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery. [Cit.] In Georgia, questions of negligence and proximate cause are ordinarily reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. [Cits.]" [Cit.]' *Southern Bell Tel. &c. Co. v. Dolce*, 178 Ga. App. 175, 176 (1) (342 SE2d 497) (1986). "[A] cause which is merely incidental is not the proximate and responsible one." *Standard Oil Co. v. Harris*, 120 Ga. App. 768 (3) (172 SE2d 344) (1969).

"[W]here the evidence plainly and manifestly shows that the injury was caused by the intervening efficient act of [a] third person . . . , the defendant cannot be held responsible for having produced the injury, and the question is then one of law for determination by the court, and not one of fact for the jury." *Ga. Power Co. v. Kinard*, 47 Ga. App. 483, 486 (3) (170 SE 688) (1933); *First Union &c. v. Daniel*, 186 Ga. App. 826, 828 (2) (368 SE2d 768) (1988); *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185, 189 (2) (345 SE2d 858) (1986).

Plaintiff's evidence was that there were two other actors involved in the accident, the unidentified yellow truck and the truck which swerved in front of Ms. Frick, causing her to abruptly stop. The undisputed evidence also shows that the warning signs and barricades were placed not by defendants but by an independent contractor, for whose negligence defendants were not liable. OCGA § 51-2-4.

Summary judgment to the defendants was proper. *Gray v. Gober*, 185 Ga. App. 624, 627 (1) (365 SE2d 279) (1988).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 24, 1989.

*David Sinclair Walker, Jr.*, for appellant.
*G. Melton Mobley, Charles Barrett III*, for appellees.