A89A1850. STORER COMMUNICATIONS, INC. et al. v. BURNS et al.

(393 SE2d 92)

CARLEY, Chief Judge.

Appellee-plaintiff's wife died after she lost control of her vehicle and then struck another vehicle that was parked in the emergency lane of an interstate highway. The vehicle with which appellee's deceased collided was owned by appellant-defendant Storer Communications, Inc., and had been parked in the emergency lane by its employee, appellant-defendant Winzurk. Appellee brought suit against appellants, seeking to recover for the death of his wife. Appellants answered and subsequently moved for summary judgment. The trial court denied appellants' motion but certified its order for immediate review. This Court granted appellants' application for an interlocutory appeal from the denial of their motion for summary judgment.

Construed most favorably for appellee, the evidence shows the following: On an overcast and rainy morning, appellant Winzurk was dispatched to report on the occurrence of a four-car collision on the interstate highway. Arriving at the scene, he parked in the emergency lane, turned on his emergency blinkers, and exited his vehicle. Traffic had become congested as the result of the four-car collision and, as appellee's deceased approached the scene, she moved from the center to the left lane. According to the motorist who was in the vehicle behind her, "her car, the back end of it did . . . just like that and . . . like a little fishtail. . . . [H]er car immediately veered off into the left-hand guard rail. She went into that guard rail median, and the car came off of that guard rail and went flying back down and made a turn as it went back down and . . . that car hit into [appellants' vehicle], kind of on this left-hand back corner area and then that car went off into a ravine." On this evidence, appellants urge that their motion for summary judgment should have been granted because any negligence in parking the vehicle in the emergency lane has been eliminated as a proximate cause of the collision and also because appellee's recovery is barred by the contributory negligence of his deceased.

" 'Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases.' " *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25) (1976). Accordingly, unless this is one of those "plain and indisputable cases," the trial court's denial of summary judgment in favor of appellant-defendants was proper.

The act of appellant Winzurk in parking in the emergency lane of the limited access highway was negligence per se. OCGA § 40-6-203 (a) (1) (I). The purpose of that statutory prohibition is to protect other drivers from striking a stationary vehicle. *Blake v. Continental*

*Southeastern Lines*, 161 Ga. App. 869, 872 (1) (289 SE2d 551) (1982). Appellee's deceased was another driver who struck the negligently parked stationary vehicle. There was no act of a *third party* which intervened between the negligence in parking the vehicle in the emergency lane and the collision with that negligently parked vehicle. Compare *Gulf Oil Corp. v. Stanfield*, 213 Ga. 436 (99 SE2d 209) (1957) (intervening negligent acts of third parties); *Baughcum v. Cecil Key Paving*, 190 Ga. App. 21 (378 SE2d 151) (1989) (intervening negligent acts of third parties); *Southern Bell Tel. &c. Co. v. Dolce*, 178 Ga. App. 175 (342 SE2d 497) (1986) (intervening negligent act of third party); *Standard Oil Co. v. Harris*, 120 Ga. App. 768 (3) (172 SE2d 344) (1969) (intervening negligent act of third party); *Cain v. Ga. Power Co.*, 53 Ga. App. 483, 486 (186 SE 229) (1936) (intervening negligent act of third party); *Morrison v. Columbus Transp. Co.*, 39 Ga. App. 708 (1) (148 SE 276) (1929) (intervening negligent act of third party).

The only act which intervened between the negligence in parking the vehicle and the collision was the act of appellee's deceased *herself* in losing control of her vehicle. This would show that "but for" the act of appellee's deceased, the collision with the parked vehicle would not have occurred. However, "but for" the act of the driver of any vehicle that strikes another stationary vehicle, such a collision would not occur. "[T]he inquiry is not whether if [appellee's deceased] had not acted in the manner that she did the injury complained of would not have occurred, but is whether her acts were negligent and if so, whether they were or were not a contributing cause, or whether they were the sole proximate cause. If her acts in the transaction . . . were not negligent, i.e. if she acted just as an ordinary prudent person would have acted under similar circumstances, her conduct is to be considered only as a part of the normal course of human affairs. It matters not so much where the accident happened, as it does *how* and *why* the accident occurred *at the place it did occur*." (Emphasis in original.) *Carter v. Powell*, 57 Ga. App. 360, 370 (1) (195 SE 466) (1938). It cannot be denied that the *collision* occurred at the place that it did only *because* another vehicle was negligently parked in the emergency lane. Even assuming that it may not have been foreseeable that, under the existing circumstances a collision with the negligently parked car would occur *as the result of hydroplaning*, it cannot be said that, as a matter of law, it was not foreseeable that a collision would somehow occur. "In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result. [Cits.]" *Williams v. Grier*, 196 Ga. 327, 337-338

(2) (26 SE2d 698) (1943). Appellants' anomalous assertion that, as a matter of law, the violation of a statute to protect drivers from striking stationary vehicles cannot be found to be a proximate cause of any injuries that may have resulted from another driver's collision with a negligently parked vehicle is without merit.

Appellants' further assertion that their motion for summary judgment should have been granted because appellee's recovery is barred by the contributory negligence of his deceased is likewise without merit. "[I]f [appellants were] guilty of one or more of the acts of negligence as alleged, and it does not appear that some other cause, such as the negligence, if any there was, of [appellee's deceased], so preponderated in bringing about the result, that the human probabilities are that the injury would just as likely have ensued, if the negligent acts of [appellants] had not occurred, [appellee] should recover. If it does appear that [appellee's deceased] was negligent, and that although [appellants] might also have been guilty of negligence, that [her] negligence so preponderated in bringing about the result that the human probabilities are that the injury would just as likely have ensued if the negligent acts of [appellants] had not occurred, [appellee] should not recover. However, if both were negligent and their negligence stands so related that neither would have produced the harmful result, and the negligence of one has not so intervened as to make it the preponderating cause, and the negligence of both consist of such acts as, according to the general course of human probabilities, produce some such injurious effect as that which did in fact ensue, in such case, both are guilty of concurring negligence, and the recovery of [appellee] should be reduced in the proportion that [his deceased's] negligence contributed to the injury, except of course, if that proportion be one-half or more, there should be no recovery. [Cit.]" *Carter v. Powell,* supra at 369-370 (1). Because these questions do not have "plain and indisputable" answers under the evidence of record and must be resolved by a jury, the denial of appellants' motion for summary judgment is affirmed.

*Judgment affirmed. McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Beasley, J., concurs specially. Deen, P. J., dissents.*

BEASLEY, Judge, concurring specially.

This case, as it is presented to us, revolves around the proximate cause element of tort. I concur in the contributory negligence portion of the majority opinion and in the judgment. I see the proximate cause aspect as related to Winzurk and Storer in a somewhat different way.

Several additional facts evidenced help paint a clearer picture. When Burns' vehicle collided with the Suburban, the latter was lifted

into the air. Mrs. Burns suffered injuries from which she later died. The BMW was extensively damaged on the left side, behind the front quarter panel, with the worst damage being in the driver's door area and the area immediately behind it. The impact compressed the car sideways and the roof buckled. The impact area on the Suburban was on the rear and the impact pushed its rear wheels completely off the pavement. It ended up nearly perpendicular to the police car in front of it.

As recognized in the majority opinion, the issue of proximate cause starts with the given that Winzurk's parking on the emergency lane is negligence per se. OCGA § 40-6-203 (a) (1) (I).

" 'To state a cause of action for negligence, there must be a legally attributable causal connection between the defendant's conduct and the alleged injury.' [Cits.] The inquiry is not whether the defendant's conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery. [Cit.] In Georgia, questions of negligence and proximate cause are ordinarily reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. [Cits.]" *Hercules v. Lewis*, 168 Ga. App. 688 (309 SE2d 865) (1983); quoted in *Southern Bell Tel. &c. v. Dolce*, 178 Ga. App. 175, 176 (1) (342 SE2d 497) (1986).

The applicable measurement distinguishing proximate from remote is stated in OCGA §§ 51-12-8 and 51-12-9. "If the damage incurred by the plaintiff is only the imaginary or possible result of a tortious act or if other and contingent circumstances preponderate in causing the injury, such damage is too remote to be the basis of recovery against the wrongdoer." OCGA § 51-12-8. "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. However, damages traceable to the act, but which are not its legal and natural consequence, are too remote and contingent to be recovered." OCGA § 51-12-9. The measurement is paraphrased in *Gulf Oil v. Stanfield*, 213 Ga. 436, 438 (99 SE2d 209) (1957). See also *McAuley v. Wills*, 251 Ga. 3, 6 (5) (303 SE2d 258) (1983); *Western Stone & Metal v. Jones*, 180 Ga. App. 79, 80 (348 SE2d 478) (1986); *Southern Bell Tel. &c.*, supra.

It is true that there were numerous circumstances and actors creating the setting and activity which led to Mrs. Burns' death. The drivers of the four vehicles in the original wreck presented an emergency which precipitated the evasive action taken by Burns and Rev. West. But for Burns' BMW hydroplaning, there would have been no collision with the Suburban. It is assumed at this stage that this was not the result of Burns' negligence. See *Barlow v. Veber*, 169 Ga. App. 65, 66 (1) (311 SE2d 501) (1983); *Ford v. Pinckney*, 138 Ga. App. 714, 716 (3) (b) (227 SE2d 430) (1976).

Given the fact that, for whatever reason, Burns was inexorably headed towards an accident and injuries even if the Suburban was absent, the evidence is not conclusive that she would have been killed whether the Suburban was present or not. It is a reasonable inference that she would have gone into the ravine as did other cars earlier and been injured but not killed. In other words, the evidence is not conclusive that the presence of the Suburban was not the last supervening, or efficient, or nearest cause of the particular injury she suffered, i.e., death, as opposed to a lesser injury. It is not plain, palpable, and indisputable that the particular injury complained of, death, would have occurred if her uncontrolled course of movement had not been altered by the Suburban. Cf. *Hollingsworth v. Harris*, 112 Ga. App. 290 (145 SE2d 52) (1965).

If the presence of the Suburban proximately contributed to her *death* (as opposed to injury short of death), even if it was not the *sole* cause, plaintiffs could recover some percentage so long as 50 percent or more of the proximate cause was not attributable to her.

Thus, jury questions remain as to whether the unlawful presence of the Storer vehicle was a proximate cause of Mrs. Burns' death.

DEEN, Presiding Judge, dissenting.

The drivers of the four vehicles in the original wreck presented an emergency which precipitated the evasive action taken by Burns and Rev. West. But for Burns' BMW hydroplaning, there would have been no accident. It is assumed this was not the result of Burns' negligence. See *Barlow v. Veber*, 169 Ga. App. 65, 66 (1) (311 SE2d 501) (1983); *Ford v. Pinckney*, 138 Ga. App. 714, 716 (3b) (227 SE2d 430) (1976). Rev. West avoided the wreck by going through the left lane after Burns' vehicle hydroplaned out of control. Thus, the hydroplaning of Burn's car as a result of the initial wreck was the legally precipitating cause of her injuries and the proximate cause without which the accident would not have happened.

Photographer Winzurk's Chevrolet Suburban was merely the stable object her car struck. Such is not enough to amount to a proximate cause. *Gulf Oil v. Stanfield*, 213 Ga. 436, 439 (99 SE2d 209) (1957) (illegal erection of sign pole struck by deceased not efficient cause of injury); *Baughcum v. Cecil Key Paving*, 190 Ga. App. 21, 23 (2) (378 SE2d 151) (1989) (improperly placed signs not legal cause of injury); *Southern Bell Tel. &c. v. Dolce*, 178 Ga. App. 175, 176 (1) (342 SE2d 497) (1986) (phone booth struck by car not legal cause of injury to passengers); *Standard Oil v. Harris*, 120 Ga. App. 768, 770-771 (3) (172 SE2d 344) (1969) (the assumed improper construction of building not legal cause of fire caused by improperly removed gas cap); *Cain v. Ga. Power*, 53 Ga. App. 483, 485-486 (186 SE 229) (1936) (illegally parked bus not proximate cause of injury to pedestrian who

was obscured by bus); *Morrison v. Columbus Transp. Co.*, 39 Ga. App. 708, 710 (148 SE 276) (1929) (illegally parked car which obstructed pedestrian's view not proximate cause of motorcycle's striking pedestrian); *Hollingsworth v. Harris*, 112 Ga. App. 290 (145 SE2d 52) (1965) (truck stopped in roadway but no causal connection shown).

DECIDED MARCH 16, 1990 —
REHEARING DENIED MARCH 29, 1990 — 

*Alston & Bird, Judson Graves, Bryan A. Vroon*, for appellants.
*Daniel T. Donohue, Albert S. Johnson, Wade H. Watson III, Sharon .W. Ware*, for appellees.