**WHOLE COURT**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 16, 2016**

# In the Court of Appeals of Georgia

A15A2010. NEWSOME v. LINKAMERICA EXPRESS, INC. et al.

MILLER, Presiding Judge.

Albert Newsome filed suit against LinkAmerica Express, Inc. ("LinkAmerica") and Eric Rivers,[1] asserting claims for negligence per se and ordinary negligence, after Newsome struck a bobtail tractor ("tractor") that Rivers had parked on a residential street.[2] Rivers and LinkAmerica moved for summary judgment, which the trial court

---

[1] Newsome also filed suit against LinkAmerica Dedicated, Inc. and Interstate Express, Inc., but he conceded that these parties were entitled to summary judgment.

[2] According to the record, the bobtail tractor is the front part of a tractor- trailer that remains after the trailer is removed.

granted. Newsome appeals, contending that the question of ordinary negligence should be decided by a jury.[3] We agree and, therefore, reverse.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of appellate review and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Punctuation and footnote omitted.) *Community Marketplace Properties v. SunTrust Bank*, 303 Ga. App. 403, 404 (693 SE2d 602) (2010).

So viewed, the evidence shows that, in 2011, Rivers lived in a home on Napier Avenue in Macon and worked as a truck driver for LinkAmerica. LinkAmerica required Rivers to be able to access his tractor-trailer at any time, and Rivers routinely parked the tractor next to the curb on the street in front of his home when he was not driving it.

At approximately 8:00 a.m. on February 27, 2011, Newsome was driving on Napier Avenue when sunshine coming through his windshield briefly blinded him. Newsome immediately slowed down, but he nevertheless struck the left rear of

---

[3] The trial court granted summary judgment to the defendants on both the negligence and negligence per se claims. Newsome does not appeal the trial court's ruling as to negligence per se.

Rivers' parked tractor. Newsome sustained injuries in the accident and was transported to the hospital. As a result of the accident, a police officer, who was called to the scene, issued a citation to Rivers for illegally "parking outside a residential district." It was noted in the police report that Rivers could have parked his tractor off the roadway. Instead, the manner in which Rivers parked the tractor impeded the free passage of traffic.

The evidence also showed that, in October 2010, Rivers had previously parked his tractor in the exact same location, and a similar accident occurred when a driver on Napier Avenue was blinded by the sun and struck the tractor. Nonetheless, Rivers continued to park his tractor in that location, asserting that he could not park it in his driveway due to wires that were suspended too low across the driveway for the tractor to pass.

On appeal, Newsome contends that the trial court erred in granting summary judgment to the defendants because there is a genuine issue of material fact as to whether Rivers was negligent in parking the tractor on the street in front of his home, particularly given the 2010 accident. We agree.

To state a cause of action for negligence in Georgia, the following elements are essential: (1) A legal duty to conform to a standard of

3

conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

(Citation omitted.) *Phillips v. South West Mechanical Contractors, Inc.*, 254 Ga. App. 144, 145 (1) (561 SE2d 471) (2002).

Here, the evidence shows that, despite a similar accident in October 2010, Rivers continued to park his tractor in the exact same place, next to the curb on the street in front of his home. Although Rivers contends that his tractor was not blocking the lanes of traffic on the day of Newsome's accident, the police report specifically stated that the tractor impeded other vehicles from passing. Moreover, the photographic evidence depicts Rivers's tractor sitting entirely in the lane.

Thus, the evidence, when viewed in favor of Newsome, presents a genuine issue of material fact as to whether Rivers failed to exercise ordinary care in parking the tractor on the street in front of his home on February 27, 2011, and, as a result, was negligent. See *Reed v. Carolina Cas. Ins. Co.*, 327 Ga. App. 130 (762 SE2d 90) (2014) (The question of negligence is a matter for the jury, and the trial court should not decide the issue except in plain and undisputable cases). And, given the

4

conflicting evidence in this case, we conclude that this is not one of those "plain and undisputable cases" that would warrant summary judgment. Id.

The dissent argues that the bobtail tractor was legally parked, noting that Newsome did not challenge the trial court's ruling on his negligence per se claim. The trial court rejected the negligence per se claim because it found OCGA § 40-6-202, addressing parking outside a residential district, inapplicable. Nothing in this ruling implicates whether Rivers's tractor impeded the flow of traffic on the day of the accident.

Moreover, Newsome challenges the trial court's conclusion that Rivers did not breach his duty of care. The trial court found that the tractor left enough room for traffic to pass. The police officer's report, the traffic citation, and the photographs showing where the tractor was parked plainly show otherwise, and this evidence creates a genuine issue of fact on this issue.

The dissent also argues that summary judgment would have been proper, not only on the evidence submitted, but also under the theory of contributory negligence. See Andrews, P.J. dissenting, infra. We strongly disagree. Although contributory negligence can be a bar to recovery, see OCGA § 51-11-7, this is an issue for the jury, *Reed*, supra, 327 Ga. App. at 135. Again, the conflicting evidence in the record

5

creates genuine issues of material fact to be resolved by the jury. Consequently, the trial court erred in granting summary judgment to Rivers and LinkAmerica.

*Judgment reversed. Barnes, P. J., Ellington, P. J., McFadden and Rickman, JJ., concur. Dillard, J., concurs in judgment only. Andrews, P. J., dissents.*

A15A2010. NEWSOME v. LINKAMERICA EXPRESS, INC. et al.

ANDREWS, Presiding Judge, dissenting.

In this case, the defendant appellee legally parked his bobtail tractor along the right-hand curb of the roadway in front of his residence, leaving enough space between the vehicle and the roadway center line for other vehicles to pass safely, only to have a motorist carelessly crash into the parked tractor and blame him for the collision. The motorist admitted the parked tractor was visible at least a few hundred feet away and there was sufficient space in the lane to pass it safely; but he claimed he had not seen it because the sunlight had blinded him. In other words, the motorist drove a few hundred feet while completely blinded by sunlight and then crashed into

the legally parked tractor. Fortunately, he struck the bobtail tractor, and not something more vulnerable.

The majority opinion emphasizes a police officer issued a citation to the defendant appellee for illegally parking outside a residential district. However, in determining the negligence per se claim, the trial court thoroughly hashed out the legality of where the tractor was parked, and concluded the tractor was legally parked. The appellant did not appeal that determination, and the majority opinion inappropriately resurrects that dead issue.

Similarly, the majority opinion emphasizes a prior incident when another motorist struck the defendant appellee's tractor, implying that earlier incident should have informed the defendant appellee it might not be safe to continue parking the tractor where he normally did. However, as noted by the trial court, the scant evidence of record concerning that incident included the defendant appellee's testimony that he was told the tractor was legally parked at the time, and an incident report that supports his testimony. So, if anything, that prior incident justified the defendant appellee's continued parking in front of his residence.

In summary, although questions of negligence are generally reserved for the jury, in plain, palpable and indisputable cases the court may determine that issue.

*Monitronics International, Inc. v. Veasley*, 323 Ga. App. 126, 132 (746 SE2d 793) (2013). I think the trial court correctly applied that principle in concluding the motorist failed to prove any negligence on the appellee's part and in granting summary judgment for the appellee.

The trial court found it unnecessary to address whether as a matter of law the evidence demanded finding the motorist's own negligence constituted the sole proximate cause of the collision. But where a motorist drives hundreds of feet completely blinded by sunlight, I think the only safe conclusion is the motorist utterly failed to exercise ordinary care for his own safety, much less the safety of others. Under OCGA § 51-11-7, he would not be entitled to recover even if the appellee had been negligent in parking the tractor where he did, and the trial court's grant of summary judgment for the defendant appellee could also be affirmed under the right for any reason rule. Cf. *Reed v. Carolina Casualty Ins. Co.*, 327 Ga, App. 130 (755 SE2d 356) (2014).

Because the majority opinion is wrong for as many reasons as the trial court's decision is right, I respectfully dissent from the reversal of the trial court's grant of summary judgment for the appellee.