ANDREWS, Presiding Judge,
dissenting.
In this case, the defendant appellee legally parked his bobtail tractor along the right-hand curb of the roadway in front of his residence, leaving enough space between the vehicle and the roadway center line for other vehicles to pass safely, only to have a motorist carelessly crash into the parked tractor and blame him for the collision. The motorist admitted the parked tractor was visible at least a few hundred feet away, and there was sufficient space in the lane to pass it safely; but he claimed he had not seen it because the sunlight had blinded him. In other words, the motorist drove a few hundred feet while completely blinded by sunlight and then crashed into the legally parked tractor. Fortunately, he struck the bobtail tractor, and not something more vulnerable.
The majority opinion emphasizes a police officer issued a citation to the defendant appellee for illegally parking outside a residential district. However, in determining the negligence per se claim, the trial court thoroughly hashed out the legality of where the tractor was parked, and concluded the tractor was legally parked. The appellant did not appeal that determination, and the majority opinion inappropriately resurrects that dead issue.
Similarly, the majority opinion emphasizes a prior incident when another motorist struck the defendant appellee’s tractor, implying that earlier incident should have informed the defendant appellee it might not be safe to continue parking the tractor where he normally did. However, as noted by the trial court, the scant evidence of record concerning that incident included the defendant appellee’s testimony that he was told the tractor was legally parked at the time, and an incident report that supports his testimony. So, if anything, that prior incident justified the defendant appellee’s continued parking in front of his residence.
In summary, although questions of negligence are generally reserved for the jury, in plain, palpable and indisputable cases the court may determine that issue. Monitronics Intl., Inc. v. Veasley, 323 Ga. App. 126, 132 (746 SE2d 793) (2013). I think the trial court correctly applied that principle in concluding the motorist failed to prove any negligence on the appellee’s part and in granting summary judgment for the appellee.
*804 Decided March 16, 2016 —
Reconsideration denied April 14, 2016.
Ayerbe & Cowart, Paul R. Ayerbe, for appellant.
Lueder, Larkin & Hunter, Kevin T. Shires, Blair J. Cash, for appellees.
The trial court found it unnecessary to address whether as a matter of law the evidence demanded finding the motorist’s own negligence constituted the sole proximate cause of the collision. But where a motorist drives hundreds of feet completely blinded by sunlight, I think the only safe conclusion is the motorist utterly failed to exercise ordinary care for his own safety, much less the safety of others. Under OCGA § 51-11-7, he would not be entitled to recover even if the appellee had been negligent in parking the tractor where he did, and the trial court’s grant of summary judgment for the defendant appellee could also be affirmed under the right for any reason rule. Cf. Reed v. Carolina Cas. Ins. Co., 327 Ga. App. 130 (762 SE2d 390) (2014).
Because the majority opinion is wrong for as many reasons as the trial court’s decision is right, I respectfully dissent from the reversal of the trial court’s grant of summary judgment for the appellee.