[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14068
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01718-WSD


BETTYE ERCHUL,
JEFFREY LOUIS ERCHUL,

                                                                Plaintiffs - Appellants,

versus

STARBUCKS CORPORATION,

                                                                Defendant - Appellee,

OUT OF THE HEIGHTS, LLC,

                                                                Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 19, 2018)

Before TJOFLAT, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Bettye Erchul spilled hot Starbucks coffee on her lap causing severe burns. Bettye and her husband Jeffrey Erchul (together, "Plaintiffs") filed this lawsuit against Starbucks Corporation alleging that the Starbucks employee who served Bettye had negligently failed to secure the lid to the coffee cup. After a two-day trial, a jury returned a verdict in favor of Starbucks. Plaintiffs brought this appeal, arguing that (1) the district court should have allowed them to introduce a deposition to impeach Starbucks' corporate representative, (2) the district court should have granted them judgment as a matter of law on Starbucks' affirmative defenses of assumption of risk and avoidance, and (3) the jury instructions did not adequately explain the elements of Starbucks' affirmative defenses. After careful consideration, we affirm the district court.

## I.    BACKGROUND

On November 7, 2015, Plaintiffs picked up breakfast at a Starbucks drive-through in Brunswick, Georgia. As part of their order, Bettye got a large coffee. The coffee cup had a written warning on the side that read: "Careful the beverage you're about to enjoy is extremely hot." After driving for several minutes with the coffee resting in a cupholder, Bettye, sitting in the passenger seat, picked up the cup to take her first sip and "coffee started coming out between the lid and the

cup," spilling coffee onto her lap.  Bettye was "shocked" and "scared" and, as a result, she either dropped the entire cup of coffee onto her lap or crushed the cup in her hand, causing the rest of the coffee to spill onto her thighs.  The spill caused severe burns on Bettye's legs that required surgery.

Plaintiffs filed suit against Starbucks alleging that a Starbucks employee had failed to properly secure the lid to the cup.  During the two-day trial, Bettye testified about the spill and her resulting injuries, including that she knew that the coffee was hot.  Carol Dawkins, a Starbucks employee, also testified as Starbucks' corporate representative.  Plaintiffs asked Dawkins how many consumer complaints Starbucks receives each month regarding its cups and lids.  Dawkins replied, "I don't have those statistics."  Plaintiffs then attempted to impeach Dawkins by using the deposition of another Starbucks representative in a different case, but the district court only allowed Plaintiffs to use the deposition to refresh Dawkins's recollection because Plaintiffs declined to introduce the deposition as evidence.

During the trial, Starbucks argued that it had not been negligent and that, even if it had been, the affirmative defenses of assumption of risk and avoidance applied.  At the close of trial, Plaintiffs moved for judgment as a matter of law on Starbucks' affirmative defenses, arguing that there was insufficient evidence for either defense.  The court denied Plaintiffs' motion.  Plaintiffs also objected to the

3

jury instructions on assumption of risk and avoidance, but the court overruled the objection.

The jury returned a verdict in favor of Starbucks.  Plaintiffs filed this appeal, arguing that (1) they should have been allowed to introduce the Starbucks representative's deposition, (2) the district court should have granted their motion for judgment as a matter of law, and (3) the court should have added their proposed sentences to the jury instructions.

## II.    STANDARD OF REVIEW

We review for abuse of discretion a district court's evidentiary rulings. *Burchfield v. CSX Transp., Inc.*, 636 F.3d 1330, 1333 (11th Cir. 2011).  We will only overturn a district court's ruling if the district court (1) "made a clear error of judgment, or . . . applied the wrong legal standard" and (2) the ruling had a "substantial prejudicial effect."  *Id.* (internal quotation marks omitted).

We review *de novo* the denial of a motion for judgment as a matter of law, applying the same standards as the district court.  *Skye v. Maersk Line, Ltd. Corp.*, 751 F.3d 1262, 1265 (11th Cir. 2014).  "We will reverse the denial of a motion for a judgment as a matter of law 'only if the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict.'"  *Id.* (quoting *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 892 (11th Cir. 2011)).  And we "view all the evidence and draw all inferences from it

4

in the light most favorable" to the nonmoving party. *Id.* (quoting *Ash*, 664 F.3d at 892).

We review a district court's refusal to give a requested jury instruction for abuse of discretion. *Burchfield*, 636 F.3d at 1333. "An abuse of discretion is committed only when '(1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party.'" *Id.* at 1333–34 (quoting *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1287 (11th Cir. 2008)). "So long as the instructions accurately reflect the law, the trial judge is given wide discretion as to the style and wording employed in the instructions." *United States v. Starke*, 62 F.3d 1374, 1380 (11th Cir. 1995).

## III.   DISCUSSION

### A.   Impeachment with a Deposition from an Earlier Lawsuit

Plaintiffs argue that, under Federal Rule of Civil Procedure 32(a)(2), the district court should have allowed them to impeach Dawkins, testifying as Starbucks' corporate representative, about how many complaints Starbucks receives about its cups and lids by using the deposition testimony of another Starbucks representative in an earlier lawsuit. At trial, Dawkins testified that she did not have the statistics concerning cup/lid complaints, and Plaintiffs attempted to impeach her. The district court allowed Plaintiffs to use the deposition to

5

refresh Dawkins's recollection.  But because Plaintiffs declined to have the deposition admitted into evidence, the court did not allow Plaintiffs' counsel to read the deposition aloud or ask the witness whether she agreed with the statements made in the deposition.

Now, on appeal, Plaintiffs argue that "[t]he failure to admit [the deposition] was significant as it prevented the jury from hearing" evidence of how frequently Starbucks receives complaints about its cups and lids.  But we conclude that, even assuming that the district court erred by allowing the deposition to be used only to refresh Dawkins's recollection, Plaintiffs were not substantially prejudiced.  Even though the court did not allow Plaintiffs to read from the deposition aloud or to ask Dawkins about its substance, Plaintiffs could have done so had they moved the deposition into evidence.  Plaintiffs, however, expressly declined to do so. Plaintiffs told the district court that they "were not going to introduce" the deposition and, after the district court prodded them to,[1] Plaintiffs again declined by telling the court that they were just "going to refresh her memory with it." Because Plaintiffs' failure to move the deposition into evidence meant that the jury would not be able to consider it, we cannot say that the district court's ruling declining to allow use of the document for impeachment purposes was a decision

---

[1]  Had Plaintiffs moved the admission of the deposition and had the district court refused to admit it, we would have a different evidentiary issue to decide.

that substantially prejudiced Plaintiffs.[2] *See Hunt v. Marchetti*, 824 F.2d 916, 920 (11th Cir. 1987) (holding that because a plaintiff "did not avail himself of the opportunity to present the evidence in an alternative but equally effective manner, he can not now demonstrate that he was substantially prejudiced in presenting his case").

Further, the deposition did not meaningfully advance Plaintiffs' case. Plaintiffs contend that failure to admit the deposition was prejudicial because it "prevented the jury from hearing that [Starbucks] is aware of thousands of accidents involving cups and lids." But the deposition itself reveals only that Starbucks receives "two complaints *per million* beverages sold"—about 80 complaints for the 40 million beverages Starbucks sells each month. (Emphasis added.) And, even then, those statistics reflect only general complaints about Starbucks' cups and lids, not necessarily complaints about lids coming off, lid problems that result in spills, or the particular issue here: a Starbucks employee's alleged failure to secure a lid. We cannot say that the inability of the jury to consider evidence showing that Starbucks receives a small number of complaints

---

[2] Plaintiffs also argue, for the first time on appeal, that the deposition testimony constituted an admission by a party-opponent admissible under Federal Rule of Evidence 801(d)(2). Because Plaintiff never raised this issue in the district court nor, as described above, moved to enter the deposition into evidence, Plaintiff failed to preserve this issue for appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (internal quotation marks omitted)).

about unspecified problems related to its cups and lids substantially prejudiced Plaintiffs.

## B.    Judgment as a Matter of Law

Plaintiffs also argue that the court should have granted them judgment as a matter of law on Starbucks' affirmative defenses of assumption of risk and avoidance because there was no evidence that Bettye had knowledge of the specific negligence alleged—that the cup's lid was not properly secured.  Under Georgia law,[3] a defendant has the burden of proving avoidance and assumption of risk.  *Reed v. Carolina Cas. Ins. Co.*, 327 Ga. App. 130, 136 (2014); *Eco-Clean, Inc. v. Brown*, 324 Ga. App. 523, 526–27 (2013).  Assumption of risk bars recovery when a plaintiff freely "chooses a course of action with full knowledge of its danger."  *Muldovan v. McEachern*, 271 Ga. 805, 807 (1999).  To assert an assumption of risk defense, a defendant "must establish that the plaintiff (1) had actual knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks."  *Id.* at 807–08 (citations and internal quotation marks omitted).  A defendant is protected by the defense of avoidance "[i]f the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence."  O.C.G.A. § 51-11-7.  To prove avoidance, a defendant must show that the plaintiff

---

[3]  "In diversity cases, we apply the substantive law of the forum state."  *Cadle v. GEICO Gen. Ins. Co.*, 838 F.3d 1113, 1121 (11th Cir. 2016).

knew or "could in fact have discovered . . . the negligence" and avoided it. *Moore v. Price*, 158 Ga. App. 566, 569 (1981); *see also Reed*, 327 Ga. App. at 136–37. "Except in plain, palpable, and undisputed cases where reasonable minds cannot differ," the question of whether a defendant is protected by either affirmative defense should be left to the jury. *McCray v. FedEx Ground Package Sys., Inc.*, 291 Ga. App. 317, 322 (2008).

The record, taken in the light most favorable to Starbucks, supports the district court's denial of Plaintiffs' motion for judgment as a matter of law. Bettye testified that she was aware that the coffee was hot and that there was a risk that it could spill. This evidence of Bettye's knowledge of the danger of drinking hot coffee was sufficient for the court to leave the question of whether Bettye assumed the risk to the jury. *See Fowler v. Alpharetta Family Skate Center, LLC*, 268 Ga. App. 329, 332 (2004) (holding that an ice skater who was aware that there was a risk that he could collide with other skaters and who knew that injury could result from a collision assumed the risk of injury). Testimony also suggested that Bettye initially spilled a portion of the coffee before spilling the whole cup—by either dropping the cup or crushing it in her hand—and that she never inspected the cup or lid before drinking from it. From this, a jury could have concluded that Bettye ought to have discovered any negligence either before she tried to drink from the cup or when the coffee first spilled, and that a person exercising ordinary care

9

would have been able to avoid the harm caused by dropping or crushing the cup. *See Weston v. Dun Transp.*, 304 Ga. App. 84, 88–89 (2010).  Thus, the court was correct to deny Plaintiffs' motion for judgment as a matter of law and leave these issues to the jury.

### C.    Jury Instructions

Finally, Plaintiffs contend that the district court's jury instructions misled the jury about what knowledge was required for Starbucks to prove its affirmative defenses.  Using the Georgia pattern jury instructions, the court instructed the jury, in part, that for avoidance:  "The plaintiff's duty to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until the defendant's negligence exists and the plaintiff knew or, in the exercise of ordinary care, should have known of such negligence."  On assumption of risk, the court instructed the jury:  "When a person knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care for one's own safety, that person cannot hold another liable for injuries proximately caused by such action." Plaintiffs objected to the instructions and argued that each instruction required an additional sentence describing the knowledge element of each defense.[4]  The court

---

[4]  On avoidance, Plaintiffs asked the court to instruct the jury that "the plaintiff's duty to avoid the consequences should not arise until the defendant's negligence exists and the plaintiff knew [or] in the exercise of ordinary care should have known of such negligence."  For assumption of

declined to add the additional sentences, having concluded that they were duplicative of information already provided in the instructions and did not otherwise justify deviating from the pattern jury instructions.

We conclude that the district court did not abuse its discretion.  "The trial judge's refusal to give a requested instruction is not error where the substance of that proposed instruction was covered by another instruction which was given." *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1569 (11th Cir. 1991). The instructions given by the court properly explained to the jury the knowledge required for both affirmative defenses.  Plaintiffs' requested additions to both instructions were duplicative of the instructions given by the court.

**AFFIRMED.**[5]

---

risk, Plaintiffs asked the court to add a sentence stating that "[t]he knowledge requirement does not refer to a plaintiff's comprehension of general non-specific risks that might be associated with such conditions or activities."

[5] We **GRANT** Plaintiffs' motion to supplement the record on appeal.